UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )CRIM. NO. 04-30032-MAP
                                )
        v.                      )
                                )
FRANCIS G. KEOUGH III,          )
ANGEL T. GUZMAN, and            )
MICHAEL P. HALLAHAN,            )
                                )
        Defendants              )

**FINAL ORDER OF FORFEITURE**

**PONSOR, D.J.**

WHEREAS, on January 12, 2006, a federal grand jury sitting
in the District of Massachusetts returned a Second Superseding
Indictment charging Michael P. Hallahan (the "Defendant") and
others with the following violations: Conspiracy to Commit Mail
Fraud and Theft of Honest Services in violation of 18 U.S.C. §§
371, 1341 and 1346 (Count One); and Mail Fraud in violation of 18
U.S.C. §§ 1341 and 2 (Count Twenty-Six);

WHEREAS, Second Superseding Indictment also included a
Forfeiture Allegation, which sought forfeiture pursuant to Title
18, United States Code, Section 982(a)(7) of any and all
property, real or personal, that constitutes or is derived,
directly or indirectly, from the gross proceeds traceable to the
commission of the offenses and/or, pursuant to Title 18, United
States Code, Section 981(a)(1)(C) and Title 28, United States
Code, Section 2461, any property, real or personal, which

constitutes or is derived from proceeds traceable to the
violations, including, but not limited to:

> (a) a sum of U.S. Currency not less than
> $1,000,000.00; and,

> (b) 5 Desrosiers Street, Springfield, MA;

WHEREAS, the Second Superseding Indictment further provided
that, if any of the property described as being forfeitable
pursuant to 18 U.S.C. §§ 981, 982, and 28 U.S.C. § 2461, as a
result of any act or omission by the Defendant, (a) cannot be
located upon the exercise of due diligence; (b) has been
transferred or sold to, or deposited with, a third party; (c) has
been placed beyond the jurisdiction of the Court; (d) has been
substantially diminished in value; or (e) has been commingled
with other property which cannot be divided without difficulty,
it is the intention of the United States, pursuant to 21 U.S.C. §
853(p), incorporated by reference in 28 U.S.C. § 2461(c), and 18
U.S.C. § 982(b)(1), to seek forfeiture of all other property of
the Defendant up to the value of the property described above;

WHEREAS, on December 28, 2006, the Defendant pled guilty to
Counts One and Twenty-six of the Second Superseding Indictment
pursuant to a written plea agreement he signed on December 28,
2006;

WHEREAS, in Section 7 of the plea agreement, the Defendant
agreed to forfeit any and all assets subject to forfeiture

2

pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), including without limitation $3,240.00 in United States currency;

WHEREAS, the Defendant admitted that the amount of $3,240.00 in United States currency represents the proceeds of the crimes charges in Counts One and Twenty-Six of the Second Superseding Indictment;

WHEREAS, the Defendant acknowledged and agreed that the $3,240.00 in proceeds of his crimes cannot be located upon exercise of due diligence, or has been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty;

WHEREAS, the Defendant agreed that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets;

WHEREAS, on April 25, 2007, the Defendant delivered a check in the amount of $3,240.00 in United States currency (the "Currency") to the United States, pursuant to the terms of the written plea agreement;

WHEREAS, by virtue of the Defendant's guilty plea and based on his written plea agreement and his admissions, the United States now is entitled to forfeit the Currency;

WHEREAS, the United States moves for entry of a Final Order of Forfeiture against the Currency, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the Final Order of Forfeiture must be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and must be included in the criminal judgment entered by the Court against the Defendant.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.   The United States' Motion for a Final Order of Forfeiture is allowed.

2.   The Currency is forfeited to the United States.

3.   The United States Marshals Service shall take custody of the Currency, and shall dispose of it according to law and this Order.

4.   Pursuant to Rule 32.2(b)(3), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court, against the Defendant.

4

DONE AND ORDERED in Springfield, Massachusetts, this $\overline{26}^{th}$

day of ___April___, 2007.

MICHAEL A. PONSOR
United States District Judge

Dated: _4/26/07_

5